UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Kia M. Callands<br>    Debtor<br><br>Nationstar Mortgage LLC<br>    Movant<br><br>v.<br><br>Kia M. Callands<br>    Debtor/Respondent<br><br>KENNETH E. WEST, Esquire<br>    Trustee/Respondent | Bankruptcy No. 19-16391-amc<br><br>Chapter 13<br><br>Hearing Date: July 9, 2024<br>Hearing Time: 11:00 A.M.<br>Location: 900 Market Street, Suite 400 Philadelphia, PA 19107<br>Courtroom Number #4 |

**MOTION OF NATIONSTAR MORTGAGE LLC FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT NATIONSTAR MORTGAGE LLC TO FORECLOSE ON 6721 KINDRED STREET, PHILADELPHIA, PENNSYLVANIA 19149**

Movant, Nationstar Mortgage LLC, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Kia M. Callands, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on October 10, 2019.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On March 22, 2010, Kia M Callands executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $122,735.00

    to First National Bank of Chester County thru Am Home Bank division. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on April 14, 2020 in Document ID 52198784 of the Public Records of Philadelphia County, PA. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 6721 Kindred Street, Philadelphia, Pennsylvania 19149, ("the Property").

6. A loan modification was entered into on May 31, 2017, creating a new principal balance of $110,400.35. A true and correct copy of the Agreement is attached hereto as Exhibit "C."

7. The loan was lastly assigned to Nationstar Mortgage LLC and same was recorded with the Philadelphia County Recorder of Deeds on May 21, 2024, as Document ID 54302027. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D."

8. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements in support of right to see a lift of the automatic stay and foreclose if necessary.

9. Based upon the Debtor(s)' Third Amended Chapter 13 Plan (Docket No.), the Debtor intends to cure Movant's pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining post-petition payments directly to Movant. A true and correct copy of the Third Amended Chapter 13 Plan is attached hereto as Exhibit "E."

10. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $751.50 which came due on March 1, 2024 through May 1, 2024, respectively.

11. Thus, Debtor(s)' post-petition arrearage totaled the sum of $1,794.56 with suspense balance of $459.94 through June 30, 2024.

12. As of June 4, 2024 the current unpaid principal balance due under the loan documents is approximately $96,670.33. Movant's total claim amount, itemized below, is approximately $99,064.23. See Exhibit "F."

| | |
|---|---|
| Unpaid Balance | $96,866.46 |
| Interest Amount | $1,450.04 |
| Escrow Advance | $556.28 |
| Corporate Advance | $1,794.23 |
| Total Suspense | ($1,406.65) |
| Total to Payoff | $99,064.23 |

13. According to the Debtor(s)' schedules, the value of the property is $147,000.00. A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "G."

14. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

15. As set forth herein, Debtor has defaulted on her secured obligation as she has failed to make her monthly post-petition installment payments.

16. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

17. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to

insure, preserve, or protect the collateral; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Movant, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Nationstar Mortgage LLC to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: June 13, 2024

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan
Michelle L. McGowan
PA Bar Number 62414
Email: mimcgowan@raslg.com